```
                    United States District Court
                      District of Massachusetts
 _____
                                    )
Ashley Kim,                         )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    Civil Action No.
                                    )    19-12009-NMG
Public Schools of Brookline et      )
al,                                 )
                                    )
        Defendants.                 )
 _____
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an employment dispute between pro se plaintiff Ashley Kim ("Kim" or "plaintiff") and her former employer, Public Schools of Brookline ("the District", named therein as "Brookline Public Schools"). Plaintiff has also named the Town of Brookline ("the Town") as a co-defendant.

The rambling, obscure complaint against the District and the Town (collectively, "defendants") does not clearly set out the legal basis for the action. A close reading of the complaint (and crediting the District's interpretation thereof) suggests that Kim has attempted to present the following counts: (1) wrongful termination; (2) intentional infliction of emotional distress; (3) defamation (both libel and slander); (4) sex discrimination; (5) age discrimination; (6) race

-1-

discrimination; (7) national origin discrimination; (8) retaliation; (9) loss of consortium; (10) "violation of First Amendment rights" and (11) violation of privacy.

Pending before the Court are defendants' two motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons those motions will be allowed.

## I. Background

### A. The Parties

From September, 2016, to April, 2017, plaintiff was employed by the District as a substitute teacher. Prior to becoming a substitute teacher, she worked as a page at the Public Library of Brookline ("the library") from June, 2016 until October, 2016, when she voluntarily resigned.

Public Schools of Brookline is the public-school district in Brookline, Massachusetts. Defendant Town of Brookline is a municipality which operates the library but does not oversee the District or play any role in its personnel decisions.

### B. Kim's Employment with Defendants

Given the discursive nature of Kim's complaint, the incidents underlying the instant action are difficult to divine. The Court outlines the facts as set forth in the District's brief and a letter written to Kim from the Director of Human

Resources for the District ("the Director") which Kim attached as an exhibit to her complaint.

That letter, dated April 12, 2017, suggests that Kim was removed from the District's substitute teaching list because she reportedly shared overly personal and inappropriate information with students. The letter also refers to an in-person meeting that occurred on April 11, 2017, between Kim and the Director. According to the letter, Kim admitted at that meeting that she was unable to manage classroom behavior and that in an hour-long class, it took her multiple attempts to take attendance and distribute laptops.

Plaintiff's complaint also briefly recounts her employment with the library. Kim alleges that she faced racial discrimination there, but she does not recount any particular incident and she has apparently named the Town in lieu of the library as a defendant.

### C. Plaintiff's Allegations

Kim alleges that she was wrongfully terminated by the District in violation of state and federal anti-discrimination law. She avers that (1) as a result of the firing she suffered from depression, anxiety and emotional distress, (2) the District's April, 2017, dismissal letter and emails exchanged amongst district employees damaged her reputation and (3) the District has prohibited her from speaking about her firing.

Finally, she claims that students invaded her privacy by photographing and videotaping her during class.

### D. Procedural History

On July 9, 2018, the plaintiff filed a pro se complaint in the Massachusetts Superior Court for Middlesex County against the District (named therein as "Brookline Town Hall") alleging that she was discriminated against on the basis of age, sex, race, color and national origin when she was terminated as a substitute teacher. The District moved to dismiss that action on the grounds that Kim failed to exhaust her administrative remedies with the Massachusetts Commission Against Discrimination ("MCAD") within the statutory deadline. On May 9, 2019, the Superior Court allowed that motion but granted plaintiff leave to file an amended complaint. Kim chose not to amend her complaint and instead appealed that dismissal. The case is currently pending before the Massachusetts Appeals Court.

Plaintiff then filed a federal complaint with the Equal Employment Opportunity Commission ("EEOC") with respect to her dismissal by the District. On June 24, 2019, the EEOC notified Kim that her claim was untimely. That same day, Kim apparently filed another charge with the MCAD, which she acknowledges was untimely. The EEOC sent Kim a notice of dismissal but also issued a right to sue letter provided that Kim file suit within

90 days of its receipt. Plaintiff did not record notice of receipt as advised by the EEOC and filed the instant action September, 24, 2019. On December 31, 2019, both defendants separately moved to dismiss the case.

**II. Motion to Dismiss - the District**

  **A. Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to

judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

In order to safeguard the rights of pro se litigants, Courts should "construe liberally a pro se complaint". Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). That said, pro se plaintiffs are not insulated "from complying with procedural and substantive law." Id. The leeway afforded to pro se plaintiffs shields them when the Court "may intuit the correct cause of action, even if it was imperfectly pled" but it does not shield a litigant when the claim lacks the requisite factual support. Id.

### B. Application

The District maintains that it is unable to discern plaintiff's claims and suggests that Kim's complaint merely recounts feelings and observations with respect to certain matters and makes assorted conclusory legal allegations.

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" Iqbal, 556 U.S. at 677-78 (internal quotation marks omitted). The standard set forth by Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. Plaintiff's obtuse and disjointed complaint fails to meet that standard. For example, her written complaint alleges that she was wrongfully terminated

because the termination was effectuated "in a very cruel and painful way." Such "naked assertion[s] devoid of further factual enhancement" are insufficient to state a claim. Id. at 678 (internal quotation marks omitted).

Even construed liberally, plaintiff's complaint is replete with conclusory statements and fails to contain sufficient factual allegations to state a "claim for relief that is plausible on its face." Id.

### C. Res Judicata

#### 1. Legal Standard

Plaintiff's claims are also barred under the doctrine of "res judicata" or claim preclusion.

Under the doctrine of res judicata,

> a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

Havercombe v. Dept. of Educ. of Com. of P.R., 250 F.3d 1, 3 (1st Cir. 2001) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). The federal-law standard requires:

> (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits.

Id. (quoting Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1166 (1st Cir. 1991)). Moreover, federal courts must "give preclusive effect to state-court judgments when the courts

-7-

of the State from which the judgments emerged would do so." Allen, 449 U.S. at 96.

### 2. Application

In May, 2019, in the state court proceedings, Superior Court Judge Karen Green allowed the motion of the District to dismiss for failure to state a claim and dismissed plaintiff's claims with prejudice. A dismissal for failure to state a claim is considered a dismissal on the merits. AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005); see also Andrews-Clarke v. Lucent Techs., Inc., 157 F.Supp.2d 93, 99 (D. Mass. 2001).

The claims set forth in Kim's pro se state court complaint center on her alleged wrongful termination by the District. Kim named the "Town of Brookline" as the defendant in her state court action but her claims were directed exclusively at the District. The prior action also dealt with the same incident as described in this one. In summary, the plaintiff's claims are barred under the doctrine of claim preclusion because there was a final judgment on the merits in the state court action and there is identity of the parties and claims in both suits.

## III. Motion to Dismiss – Town of Brookline

### A. Proper Parties

The Town avers that it should be dismissed as a defendant in the instant matter because it was not involved in the

decision to terminate Kim's employment and thus it is not a proper party to the suit. Courts can scrutinize the allegations in a complaint to determine the proper party to a suit. Callahan v. Wells Fargo & Co., 747 F.Supp.2d 247, 251 (D. Mass. 2010). After the court identifies the proper party, "the court may turn to the substantive legal issues in the case." Id.

### B. Application

The allegations in the complaint pertain primarily to Kim's termination as a substitute teacher but she does briefly refer to her employment by the Town as a library page. The complaint describes an incident when Kim became dizzy and fell during her shift but it does not assert any claim against the Town resulting from that fall.

Plaintiff claims that the Town is "in charge" of both Public Schools of Brookline and the public library. The Town acknowledges that it oversees the library, but maintains that it is without authority to direct employment decisions pertaining to District employees and that it was not at all involved in the decision to discontinue Kim's employment as a substitute teacher. The Town explains that such authority over the Public Schools of Brookline rests with the Brookline School Committee and the Superintendent of the District pursuant to M.G.L. c. 71.

Plaintiff's allegation that the Town was involved in the decision to terminate Kim's employment is conclusory at best. The Town is not a proper defendant in this action because the gravamen of Kim's allegations pertains to the District's decision to terminate her employment. The Town's motion to dismiss will therefore be allowed.

**ORDER**

For the forgoing reasons, the District's Motion to Dismiss (Docket No. 17) and the Town's Motion to Dismiss for Failure to State a Claim (Docket No. 19) are **ALLOWED** and plaintiff's claims are **DISMISSED with prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 18, 2020